1  JOHN M. SORICH (CA Bar No. 125223)
   jsorich@adorno.com
2  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@adorno.com
3  ADORNO YOSS ALVARADO & SMITH
   A Professional Corporation
4  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
5  Tel: (714) 852-6800
   Fax: (714) 852-6899
6
7  Attorneys for Defendant
   AETNA LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| SIMONETTE KING, ET AL, | CASE NO.: CV09-9088 DSF (RCx) |
|---|---|
| Plaintiff, | JUDGE:   DALE S. FISCHER |
| v. | MAGISTRATE JUDGE: ROSALYN M. CHAPMAN |
| AETNA LIFE INSURANCE COMPANY and DOES 1 through 10, inclusive, | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW OF DEFENDANT AETNA LIFE INSURANCE COMPANY |
| Defendants. | TRIAL |
| | Date: November 3, 2010<br>Time: 9:00am<br>Place: |

Pursuant to the Court's Order of April 21, 2010 In Chambers Trial Order, Defendant Aetna Life Insurance Company ("Aetna") submits its Proposed Findings of Fact and Conclusions of Law.

I.  **FINDINGS OF FACT**

1.  For the time periods relevant to this action, Stanley Thomas was an employee of L-3 Communications.

1

1156165.1

2. Simonette King and Brandon King (the "Twins") are the children of Renette King Thomas. Their date of birth is 12.22.89.

3. By virtue of his employment, Stanley Thomas is a participant in the L-3 Communications self-insured Group Health Plan (the "Plan").

4. Aetna administers claims for benefits under the Plan, but does not pay claims from its own assets as it is not the insurer of the Plan. AR at 1-80, 147.

5. L-3 delegated to Aetna the discretionary authority and responsibility to determine claims for benefits under the Plan. AR at 64.

6. The Plan contains a mandatory two-level appeal process that must be followed before any legal action can be pursued. AR at 56-59.

7. Following a "qualifying event" as defined in the Plan, a Member must complete the L-3 Dependent Eligibility Questionnaire and provide documentation to prove that his dependents are eligible. AR at 162-163.

8. Mr. Thomas took an unpaid leave of absence and returned to work in 2008. Mr. Thomas's return to work following his leave was a "qualifying event" triggering the Plan requirement of completing the Dependent Eligibility Questionnaire and supplying the other proof of eligibility. AR at 162-163.

9. Aetna's determination of the Twins' medical eligibility does not qualify the Twins for benefits under the Plan. Aetna cannot pay the claims until L-3 confirms the Twins' eligibility. L-3 has informed Aetna that it has not received the documentation required to process enrollment for the Twins. AR at 207.

10. The Twins are not Mr. Thomas's children. He alleges that they are the children of his wife. Complaint at ¶ 6. Thus, Plaintiffs were required to supply L-3 with all eligibility information for step-children. Because the Twins are now older than 19, Plaintiffs were also required to supply proof of their disability.

11. The Administrative Record does not contain the proof of eligibility required by the Plan and L-3. Plaintiff did not supply the completed Questionnaire and birth certificates of the Twins until after this litigation was commenced. The Plaintiffs failed to supply, and the Administrative Record does not contain the other documents required by L-3 to prove eligibility, specifically a copy of marriage certificate for Stanley Thomas and Renette King; a copy of Renette King's documentation of custody of Brandon and Simonette; and documentation demonstrating that Brandon and Simonette King live with Stanley Thomas, such as copies of school records showing addresses or copies of driver's licenses.

12. Aetna has not imposed eligibility requirements other than those set forth in the Plan, the Plan is not ambiguous and, therefore, Plaintiffs have no reasonable expectation of coverage until they fulfill the requirements of the Plan by providing the documents required by L-3.

13. Plaintiffs did not complete the required two levels of appeals of the numerous denials of the claims for health care services provided to the Twins. The Administrative Record contains numerous Explanations of Benefits notifying Mr. Thomas that claims for the Twins were denied because the Twins were not enrolled

for coverage under the Plan. Nevertheless, Plaintiffs did not follow the Plan's appeal procedures following any of those denials.

## II. CONCLUSIONS OF LAW

1. The abuse of discretion standard applies to this denial of benefit challenge under 29 U.S.C. § 1132(a)(1)(b), as the benefit plan unambiguously confers upon the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Jebian v. Hewlett-Packard Company Employee Benefits Organization Income Protection Plan*, 349 F.3d 1098, 1103 (9th Cir. 2001); *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1107 (9th Cir. 2000). Because the Plan conferred on Aetna the complete authority to review and deny claims for benefits under it, the Court applies the abuse of discretion standard in this action.

2. The Court does not consider a conflict of interest in the reasonableness analysis, as Aetna, the claims administrator charged with the responsibility of making benefit determinations, does not pay benefits from its own assets. *Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1026 (9th Cir. 2008).

3. The Court finds that Aetna acted reasonably and did not act arbitrarily or capriciously in denying the claims of the Twins. The Court finds that Aetna did not abuse its discretion because the Administrative Record contains a firm and factual basis for Aetna's decision to deny the claims at issue in this action. Aetna must make

1156165.1

benefit determinations and pay benefits strictly "in accordance with the documents and instruments governing the Plan." 29 U.S.C. § 1104(a)(1)(D).

4.  Even assuming Aetna paid some claims in error, such error does not render its correct decisions arbitrary and capricious because the correct decisions are supported by evidence in the administrative record. *Conkright v. Frommert*, 130 S.Ct. 1640, 1647 (2010).

5.  Plaintiffs' claims are barred because they failed to exhaust all administrative remedies that were available to them at the time the suit was filed. *May v. Honeywell Intern., Inc.*, 331 Fed. Appx. 526, 530 (9th Cir. 2009). *Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974 (9th Cir. 2001).

6.  In light of the above findings of fact and conclusions of law, the Court finds in favor of Aetna. Judgment is entered in favor of Aetna and against Plaintiffs.

7.  Plaintiffs shall recover nothing against Aetna.

DATED: October 26, 2010           ADORNO YOSS ALVARADO & SMITH
                                  A Professional Corporation


                                  By: /s/ S. Christopher Yoo
                                      JOHN M. SORICH
                                      S. CHRISTOPHER YOO
                                      Attorneys for Defendant
                                      AETNA LIFE INSURANCE COMPANY

1156165.1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE
*Simonette King, et al v. Aetna*
USDC Case No. cv09-9088 DSF (RCx)

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On October 26, 2010, I served the foregoing document described as **PROPOSED FINDS OF FACT AND CONCLUSIONS OF LAW OF DEFENDANT AETNA LIFE INSURANCE COMPANY** on the interested parties in this action.

[x] by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

[x] **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

[ ] **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

[ ] **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

[ ] **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

[x] (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on October 26, 2010, at Santa Ana, California.

/s/
_____
Joyce M. Young

PROOF OF SERVICE

1122942.1

## SERVICE LIST

*Simonette King, et al v. Aetna*
USDC Case No. cv09-9088 DSF (RCx)

| | |
|---|---|
| Christian J. Garris, Esq.<br>Law Offices of Christian J. Garris<br>633 West Fifth Street, 28th Floor<br>Los Angeles, CA 90017 | (213) 624-2900-telephone<br>(213) 624-2901<br>cjg@christiangarris.com<br><br>**Attorneys for Plaintiffs** |